UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
CHRISTOPHER FITZGERALD,                              :
                                                                             :     **OPINION AND ORDER**
                                          Plaintiff,        :     **DENYING MOTION FOR**
       -against-                                                 :     **RECONSIDERATION**
                                                                             :
NATIONWIDE LIFE INSURANCE COMPANY,    :     06 Civ. 5656 (AKH)
                                                                             :
                             Defendant and                 :
                             Third-Party Plaintiff,     :
       -against-                                                 :
                                                                             :
THE ESTATE OF GEORGE DEVICTORIA,         :
                                                                             :
                             Third-Party Defendant.  :
------------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

On May 4, 2007, I denied defendant and third-party plaintiff Nationwide Life Insurance Company's motion for judgment in interpleader. Nationwide now moves for reconsideration of that order, arguing that the Court overlooked critical distinctions between rule interpleader, see Fed. R. Civ. P. 22, and statutory interpleader, see 28 U.S.C. § 1335. For the reasons that follow, Nationwide's motion is denied.

Plaintiff Christopher Fitzgerald filed his complaint on July 27, 2006, alleging that Nationwide changed the beneficiary designations on an annuity held by George DeVictoria, now deceased, to Fitzgerald's detriment, based on an "obvious forgery" purporting to request such changes. Because of the change in beneficiary designations, when Mr. DeVictoria died on May 25, 2006, Nationwide paid one third of the annuity value to Fitzgerald and two thirds of the annuity value to the Estate of George DeVictoria. Fitzgerald claims entitlement to the entire amount.

-1-

Nationwide filed an answer and third-party complaint for interpleader relief on October 2, 2006; on April 9, 2007 it filed a motion for judgment in interpleader and award of costs, including reasonable attorney's fees. I denied the motion, holding that Nationwide had not satisfied the statutory elements set forth in 28 U.S.C. § 1335, and in particular, that "Nationwide does not face multiple liabilities because, at the moment, the Estate has not asserted claims against it." See Order Denying Motion for Judgment in Interpleader (May 4, 2007).

Nationwide argues that the Court's analysis of the elements of statutory interpleader is not dispositive because it moved for interpleader relief pursuant to Rule 22, Fed. R. Civ. P., and moreover, that prospective liability is an acceptable basis for interpleader relief. With respect to these two points, Nationwide is correct. Having analyzed Nationwide's claims under Rule 22, however, I conclude that it is still not entitled to judgment in interpleader.

Rule 22 of the Federal Rules of Civil Procedure provides that:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. … A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

Fed. R. Civ. P. 22(1). Here, plaintiff Fitzgerald sued Nationwide, then Nationwide brought its counterclaim and third-party complaint for interpleader relief against Fitzgerald and the DeVictoria Estate. As such, Nationwide claims to be a "defendant exposed to similar liability," by which it means that "persons having claims against [Nationwide]," because of the nature of those claims, expose or "may" expose Nationwide to "double or multiple liability." Thus to obtain judgment in interpleader, Nationwide must identify "persons having claims," and it must show how those claims, at a minimum, "may" expose it to double or multiple liability.

Statutory interpleader requires that the interpleader plaintiff have "custody or possession of money or property of the value $500 or more," 28 U.S.C. § 1335(a); Rule 22 is not

-2-

so specific. Indeed, courts have relaxed the requirement that the Rule 22 interpleader plaintiff have some clearly identifiable <u>res</u> in its possession. But "although [r]ule interpleader does not require a formal stake or fund, the threat of double or multiple liability must result from some single right or obligation which the interpleader plaintiff has in relation to one of the defendants." <u>Bankers Trust Co. v. Manufacturers Nat. Bank of Detroit</u>, 139 F.R.D. 302, 307 (S.D.N.Y. 1991) (citing <u>Xerox Corp. v. Nashua Corporation</u>, 314 F. Supp. 1187, 1189 (S.D.N.Y. 1970)). The interpleader plaintiff must show that persons having claims assert those claims on the basis of a single right or obligation—one that, by the nature of the obligation, can only be owed to one of the interpleader defendants.

The question that arises in this case is whether the existence of a "claim" should be evaluated at the time of the interpleader complaint, or before. The Rule's text and purpose answer the question. The text states that "persons <u>having</u> claims" may be joined, not persons that once had claims at some time before the complaint for interpleader relief was filed. And similarly, the purpose of interpleader is "to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." <u>Washington Elec. Corp. v. Paterson, Walke, & Pratt, P.C.</u>, 985 F.2d 677, 679 (2d Cir. 1993). Multiple liability does not exist where persons who once had claims no longer have them. <u>See</u> <u>Chase Manhattan Bank, N.A. v. Flexwatt Corp.</u>, 139 F.R.D. 573, 575 (D. Mass. 1991) (dismissing interpleader complaint where bank had already disbursed funds that were subject of litigation).

Nationwide errs by identifying a claim that once existed but no longer does because Nationwide paid the claim. As Nationwide asserts, it "paid the death benefits of DeVictoria's annuity to the designated beneficiaries." Complaint ¶ 8. At the time of Nationwide's interpleader complaint, therefore, the Estate of George DeVictoria was not a

person "having claims" against Nationwide on the basis of Nationwide's single obligation to pay death benefits to a proper claimant. Instead, the Estate is a person that once had a legal claim on the DeVictoria annuity. Nationwide does not, as it asserts, face double liability. At the time of its complaint, and by the terms of its complaint, the Estate had no conceivable claim against Nationwide, and no conceivable claim could be asserted against Nationwide on the basis of the DeVictoria annuity in the future.

An insurer may inquire why interpleader relief is available under Rule 22 before it pays a claim, or more generally, satisfies an obligation, but not afterwards. In either event, the insurer asserts no claim to the fund and the question for adjudication is only whether one party or the other should have it. As I said, the Rule's text requires this result, but another reason, consistent with the text and purpose of the Rule, exists. Specifically, an insurer may participate in wrongdoing, or act negligently, or act in breach of fiduciary duties, by paying assets to the wrong party. The insurer may do all of these thing by retaining funds, of course, but where two parties assert claims against the insurer and the insurer promptly brings suit in interpleader, seeking to discharge the funds, the opportunities for such wrongdoing, negligence, or breach are fewer.

For the foregoing reasons, Nationwide's motion for reconsideration is denied. I grant its motion for leave to file an amended complaint, to be filed within 20 days of the date of this Order.

SO ORDERED.

Dated:    June  6  , 2007
          New York, New York

                                                    ALVIN K. HELLERSTEIN
                                                    United States District Judge